**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4640**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JESUS SANCHEZ-MENDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:12-cr-00037-REP-1)

Submitted:  March 28, 2013              Decided:  April 18, 2013

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia D. Roberts, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Sanchez-Mendez pled guilty without a plea agreement to illegal re-entry by an aggravated felon, 8 U.S.C. §§ 1326(a), (b)(2) (2006). He was sentenced to thirty-six months in prison, to be followed by a thirty-six-month term of supervised release. Sanchez-Mendez now appeals, contending that his sentence is unreasonable. We affirm.

I

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012). We first examine the sentence for "significant procedural error." Gall, 552 U.S. at 51. If we find the sentence to be procedurally reasonable, we will then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion. If we find such abuse, we reverse unless we conclude that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir.

2

2010).  However, unpreserved non-structural sentencing errors are reviewed for plain error.  Id. at 576-77.

II

Sanchez-Mendez's total offense level was 13, and his criminal history category was IV, for a Guidelines range of 24-30 months.  The district court determined that Sanchez-Mendez's criminal history was sufficiently serious and the likelihood of recidivism sufficiently great to justify an upward departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a)(1) (2011).  The court concluded that criminal history category IV substantially under-represented Sanchez-Mendez's criminal past for several reasons:  five prior convictions were not assigned criminal history points; Sanchez-Mendez had consistently engaged in a variety of petty offenses since 2003; he had continued to commit crimes despite having received lenient treatment for his offenses; and he was not prosecuted — and not assigned a criminal history point — for his initial illegal entry into this country.  The court accordingly granted the Government's motion for upward departure and departed to criminal history category VI, resulting in an offense level of 33-41 months.

In sentencing Sanchez-Mendez within this range to thirty-six months in prison, the court considered the 18

U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors. Among other things, the court stated that the selected sentence reflected the defendant's lack of respect for the law, the need to deter similar conduct by others, the need to protect the public from his criminal behavior, and the need to prevent his again entering this country illegally.

Because Sanchez-Mendez requested a sentence below the original Guidelines range, he adequately preserved his claim that the term of imprisonment was unreasonable, and our review is for abuse of discretion. See Lynn, 592 F.3d at 578. When, as here, the district court imposes a departure sentence, this review requires us to consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (brackets omitted).

Our review of the record convinces us that the district court did not abuse its discretion in sentencing Sanchez-Mendez to thirty-six months in prison. First, as explained by the district court, at least five of Sanchez-Mendez's prior offenses were not counted when his criminal history category was determined, and under-representation of criminal history "is an encouraged basis for departure." United States v. Dixon, 318 F.3d 585, 588-89 (4th Cir 2003). Additionally, there was a likelihood of recidivism. Therefore, the decision to depart was proper. Further, the district court appropriately applied several of the § 3553(a) factors when selecting a sentence only twenty percent above the highest end of the original Guidelines range. See King, 673 F.3d at 284 (concluding upward variant sentence reasonable as it was adequately supported by reference to § 3553(a) factors that "the court determined required the sentence ultimately imposed"); Diosdado-Star, 630 F.3d at 366-67 (holding upward variant sentence six years longer than Guidelines range reasonable because the court expressly relied on several § 3553(a) factors to support the variance).

III

Sanchez-Mendez contends that the three-year term of supervised release was unreasonable for two reasons. First, he

maintains that the district court contravened the Guidelines, which state that a district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." USSG § 5D1.1(c). Second, Sanchez-Mendez claims that the district court's explanation of its reasons for imposing supervised release was inadequate. Because Sanchez-Mendez did not object to imposition of a term of supervised release or argue in favor of a term different than the one imposed, our review is for plain error. See Lynn, 592 F.3d at 576-77.

We identify no such error in this case. Notably, the Guideline does not prohibit the imposition of a term of supervised release on deportable aliens, and we conclude that the district court did not abuse its discretion in imposing supervised release on Sanchez-Mendez. While the district court did not specifically tie the § 3553(a) factors to the term of supervised release, it is arguable that the court was not obligated to do so because Sanchez-Mendez did not challenge the imposition of a term of release at sentencing. In any event, many of the § 3553(a) factors that the court mentioned in imposing the term of imprisonment apply with equal force to the imposition of the supervised release term. As previously

6

discussed, the court considered the particular facts of Sanchez-Mendez's case and found that an added measure of deterrence was needed to keep him from again illegally entering this country and to protect the public from his propensity to break the law. Because the court expressly considered the circumstances of the case in determining the supervised release term, we hold that the court's explanation was adequate, especially on plain error review.

IV

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED